**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. _______________**

ECB USA, INC., a Florida corporation, and ATLANTIC VENTURES CORP., a Florida corporation,

Plaintiffs,

vs.

SAVENCIA, S.A., and ZAUSNER FOODS CORP., a Delaware corporation, on behalf of itself, and as successor in interest to ZNHC, INC., a Delaware corporation,

Defendants.

ZAUSNER FOODS CORP., a Delaware corporation, on behalf of itself, and as successor in interest to ZNHC, INC., a Delaware corporation,

Counterclaim-Plaintiff,

vs.

ECB USA, INC., a Florida corporation, and ATLANTIC VENTURES CORP., a Florida corporation,

Counterclaim-Defendants,

ZAUSNER FOODS CORP., a Delaware corporation, on behalf of itself, and as successor in interest to ZNHC, INC., a Delaware corporation,

Third-Party Plaintiff,

vs.

G.I.E. C2B, a French entity, and JOHN DOE DEFENDANTS 1-10,

Third-Party Defendants.

Case No. 1:19-CV-00731-RGA

U.S.D.C. District of Delaware

**MORGAN, LEWIS & BOCKIUS LLP'S MOTION TO QUASH DEPOSITION SUBPOENAS AND FOR A PROTECTIVE ORDER**

Morgan Lewis & Bockius LLP ("Morgan Lewis") hereby moves this Court to quash two deposition subpoenas served by plaintiffs and counterclaim defendants ("Plaintiffs") in the above-captioned legal proceeding that is pending in the District of Delaware, and to enter a protective order preventing any further attempts by Plaintiffs to depose Morgan Lewis.[1] Morgan Lewis is not only a non-party to that proceeding, but it is also ***legal counsel*** for the defendants and counterclaim plaintiff ("Defendants") in that proceeding. Depositions of parties' attorneys are heavily disfavored, with the burden being on Plaintiffs to establish that the information sought is relevant, unattainable by other means, unprivileged, and so important to the resolution of the case that its importance outweighs the risk of inadvertent disclosure of privileged information. *See W. Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302–03 (S.D. Fla. 1990); *see also Rocket Real Est., LLC v. Maestres*, No. 15-62488-CIV, 2016 WL 11503947, at *1 (S.D. Fla. June 8, 2016); *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys.*, LLC, No. 6:08-MC-79-ORL-28GJK, 2008 WL 11395484, at *6 (M.D. Fla. Sept. 25, 2008).

Plaintiffs are incapable of carrying their burden here. The deposition subpoenas they have issued seek testimony about how Morgan Lewis conducted document review in the above-captioned proceeding, including a list of documents identified by Morgan Lewis. Such information is wholly irrelevant to any claims or defenses in the above-captioned proceeding and falls squarely within the confines of attorney work product. Moreover, in the above-captioned proceeding, Plaintiffs already successfully argued that discovery into a party's discovery process is generally inappropriate and should not be permitted. Accordingly, Morgan Lewis' motion to quash and for a protective order should be granted.

[1] As set forth below, Morgan Lewis also requests transfer of this motion to the District of Delaware pursuant to Federal Rule of Civil Procedure 45(f), so that it may be resolved as part of the Delaware Action.

## I. STATEMENT OF FACTS

### A. The Delaware Action and the Pending Discovery Dispute

The subpoenas at issue concern *ECB USA, Inc., et al. v. Savencia S.A., et al.*, No. 1:19-CV-00731 (D. Del.) (the "Delaware Action"), which is a commercial dispute arising from the sale of a cheese company in 2014.[2] The parties in the Delaware Action are buyers, sellers, and affiliated entities from that 2014 transaction who have asserted claims, counterclaims, and third-party claims for alleged breaches of contract and related torts.[3] The Delaware Action has been pending for more than four years.[4] At all times, non-party law firm Morgan Lewis has been lead trial counsel for Defendants in the Delaware Action.[5]

The parties in the Delaware Action are presently engaged in a discovery dispute, with Plaintiffs contending that certain documents they made available to Defendants in the course of discovery are privileged, while Defendants contend that any such privilege was repeatedly waived as a result of Plaintiffs voluntarily disclosing those documents to third-parties—including Defendants themselves—on multiple occasions.[6] That discovery dispute is presently the subject of motion practice before United States Magistrate Judge Christopher Burke ("Judge Burke"), with a decision expected within the next few weeks.[7] In correspondence relating to this discovery dispute, Plaintiffs have accused Morgan Lewis of supposedly violating the Delaware Rules of Professional Conduct by not informing Plaintiffs how and when Morgan Lewis identified the

---

[2] *See* ECF No. 147 in Delaware Action (Second Amended Complaint); ECF No. 223 in Delaware Action (Amended Answer with Counterclaims and Third-Party Claims).
[3] *See id.*
[4] *See* ECF No. 1 in Delaware Action (Notice of Removal dated November 14, 2018).
[5] *See* ECF No. 58 in Delaware Action (Notice of Appearance by a partner of Morgan Lewis as counsel for Defendants).
[6] *See* ECF No. 326 in Delaware Action (Motion for Determination that Plaintiffs Have Waived Privilege as to any Documents on the "Miami Server").
[7] *See id.*; *see also* ECF No. 321 in Delaware Action (Oral Order setting briefing schedule and hearing date).

"privileged" documents at issue, notwithstanding the obvious waivers of privilege that had taken place.[8]

**B. The Deposition Subpoenas**

On January 5, 2023, Plaintiffs served Morgan Lewis with two subpoenas: a subpoena for the production of documents,[9] and a separate subpoena to testify at a deposition. *See* Ex. A (the "First Deposition Subpoena"). The First Deposition Subpoena did not specify any topics for the deposition, but stated that it was directed to the "Records Custodian regarding documents produced," and noticed a deposition date of February 10, 2023. *Id.* The First Deposition Subpoena had $8 in cash paperclipped to it, which fell short of the $40 fee plus travel expenses required by 18 U.S.C. § 1281.[10]

Morgan Lewis emailed Plaintiffs' counsel on January 18, 2023, requesting clarification as to whether Plaintiffs were solely seeking to depose a "records custodian" so that someone could authenticate documents produced in response to Plaintiffs' document subpoena, or whether they were seeking to depose a witness on substantive topics as well.[11] Morgan Lewis stated that—if the purpose of the deposition was simply to have someone authenticate documents—Morgan Lewis would be willing to provide a declaration or affidavit attesting to the documents' authenticity, thus eliminating the need for an inconvenient, expensive, and burdensome deposition.[12] Plaintiffs' counsel replied, "I will get back to you tomorrow."[13]

---

[8] *See* Exhibit C (Declaration of Nathan J. Andrisani in support of this motion) (the "Andrisani Declaration" or "Andrisani Decl.") ¶ 6.
[9] Morgan Lewis has responded separately to the subpoena for the production of documents and is not moving to quash that subpoena at this time.
[10] *See* Ex. C (Andrisani Decl.) ¶ 7.
[11] *See* Ex. C (Andrisani Decl.) ¶ 8.
[12] *See id.*
[13] *See* Ex. C (Andrisani Decl.) ¶ 9.

Plaintiffs' counsel did not in fact respond to Morgan Lewis on January 19, 2023.[14] Instead, on that day, and without any advance notice to Morgan Lewis, Plaintiffs attempted service of ***another*** subpoena to testify at a deposition. *See* Ex. B (the "Second Deposition Subpoena") (the First Deposition Subpoena and Second Deposition Subpoena will be referred to collectively as the "Deposition Subpoenas"). The Second Deposition Subpoena stated that it was directed to the "Corporate Designee(s)" of Morgan Lewis, noticed a deposition date of February 13, 2023, and attached the following list of topics:

> 1. The date that the memorandum from Antonine Martin dated April 9, 2018 was discovered by Morgan Lewis ("Antoine Martin Memo'). *[This is one of the documents at issue in the discovery dispute described above, which Plaintiffs are contending is privileged notwithstanding the obvious waivers.]*
>
> 2. Who discovered the Antoine Martin Memo at Morgan Lewis.
>
> 3. How was the Antoine Martin Memo discovered.
>
> 4. What was done with the Antoine Martin Memo.
>
> 5. What efforts were made to advise Plaintiffs that Morgan Lewis was in possession of the Antoine Martin Memo.
>
> 6. The identity and existence of other documents that are protected by Plaintiffs' attorney-client privilege that have come into the possession of Morgan Lewis.
>
> 7. The corporate representative who can authenticate documents produced by Morgan Lewis pursuant to the subpoena served on January 5, 2023.

Ex. B. The Second Deposition Subpoena was accompanied by a check for $40, which again fell short of the $40 fee *plus travel expenses* required by 18 U.S.C. § 1281.[15]

Morgan Lewis emailed Plaintiffs' counsel on January 24, 2023, noting that Plaintiffs'

[14] *See* Ex. C (Andrisani Decl.) ¶ 10.
[15] *See* Ex. C (Andrisani Decl.) ¶ 11.

counsel had never responded to Morgan Lewis' earlier email as promised, and asking Plaintiffs to clarify a few basic points about the Deposition Subpoenas: Was the Second Deposition Subpoena intended to override the First Deposition Subpoena? Were Plaintiffs seeking to depose a custodian of records on February 10 *and* a corporate designee on February 13, in two separate depositions? Did Plaintiffs still intend to pursue these third-party depositions of Morgan Lewis even though—after serving the Deposition Subpoenas—they had served substantively identical discovery requests on the Defendants in the Delaware Action?[16]

This time, Plaintiffs responded to Morgan Lewis, and the parties were able to begin engaging in a meet-and-confer process.[17] Plaintiffs agreed to delay enforcement of the Deposition Subpoenas while the parties met-and-conferred, but on the afternoon of February 10, 2023, it became apparent that the parties were unable to reach an agreement on any material terms of the Deposition Subpoenas.[18] Accordingly, on February 10, 2023, Morgan Lewis informed Plaintiffs that it would be filing the instant motion to quash and for a protective order on February 13, 2023, the first business day following the conclusion of the parties' meet-and-confer process.[19]

## II. LEGAL STANDARD

"'[D]epositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case.' Such depositions are so disruptive that there is a presumption of good cause to support the entry of a protective order, which the party seeking the deposition must overcome. The party seeking such discovery 'must demonstrate that the deposition is the only practical means available of obtaining the information.' In addition, the party seeking to depose her opponent's attorney must show that the requested discovery '1) is

[16] *See* Ex. C (Andrisani Decl.) ¶ 12.
[17] *See* Ex. C (Andrisani Decl.) ¶¶ 13-14.
[18] *See* Ex. C (Andrisani Decl.) ¶ 15.
[19] *See* Ex. C (Andrisani Decl.) ¶ 16.

relevant; 2) its need outweighs the dangers of deposing a party's attorney; and 3) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege.'" *Rocket Real Est.*, 2016 WL 11503947, at *1 (citations omitted) (granting motion to quash and for protective order); *see also W. Peninsular Title Co.*, 132 F.R.D. at 302–03; *Utopia Provider Sys.*, 2008 WL 11395484, at *6. Moreover, as a general matter, a motion to quash should be granted where a subpoena does not actually seek discovery "relevant to any claim or defense" in the action before the issuing court. *Barrington v. Mortage IT, Inc.*, No. 07-61304-CIV, 2007 WL 4370647, at *3-6 (S.D. Fla. Dec. 10, 2007).

## III. ARGUMENT

### A. Morgan Lewis Requests This Motion Be Transferred to the District of Delaware for Resolution by Judge Burke

Rule 45(f) of the Federal Rules of Civil Procedure provides in relevant part: "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Pursuant to this Rule, Morgan Lewis respectfully requests that the instant motion be transferred to the District of Delaware so that it may be heard by Judge Burke. As set forth above, the testimony sought by the subpoena is closely intertwined with the procedural history of the Delaware Action and may also be rendered moot by a pending discovery motion before Judge Burke. *See generally supra*. Indeed, even if Morgan Lewis did not consent to transfer—which it obviously does—these are precisely the type of circumstances where a motion to quash should be transferred even without the consent of the subpoenaed party. *See Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 517–18 (S.D. Fla. 2021) (where the "underlying civil case" has a "complex history" and a failure to transfer the subpoena would risk "inconsistent discovery rulings," this militates in favor of finding "exceptional circumstances"

that warrant transfer). Accordingly, Morgan Lewis respectfully submits this Court should transfer this motion to the District of Delaware, and permit Judge Burke to rule on the merits of the motion.

**B. The Court Should Quash the Deposition Subpoenas and Grant a Protective Order in Favor of Morgan Lewis**

To justify the extreme discovery measure of deposing an opposing party's trial counsel, the burden is on Plaintiffs to prove, among other things, that the testimony they are seeking is relevant, not protected by any applicable privilege, and so important that the need for the discovery outweighs the dangers inherent in deposing an opposing party's counsel. *See Utopia Provider Sys.*, 2008 WL 11395484, at *6; *see also W. Peninsular Title Co.*, 132 F.R.D. at 302–03. Plaintiffs are incapable of carrying that burden here. Regarding relevance, it is well-established "that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007). This limits the scope of discovery to what is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Thus, even in cases not involving a party's attorney, if a subpoena does ***not*** seek information relevant to "any party's claim or defense" then a court must either quash that subpoena or enter a protective order preventing its enforcement. *See Barrington*, 2007 WL 4370647, at *6 (granting motion to quash where the sought-after discovery from non-party was not "relevant to any claim or defense herein").

Here, none of the discovery sought by the Deposition Subpoenas is relevant to any claim or defense in the Delaware Action. *See* Exs. A, B. In fact, it does not even relate to the ***parties*** in the Delaware Action. *See id.* Instead, the Deposition Subpoenas exclusively seek information about how Defendants' trial counsel, Morgan Lewis, conducted document review in the Delaware Action, including a list of documents identified by Morgan Lewis through its document review. *See id.* None of that information bears on the merits of any claim or defense asserted in the

Delaware Action. To the contrary, it appears the purpose of the Deposition Subpoenas is to try and shore up a baseless allegation that Morgan Lewis has somehow violated the Delaware Rules of Professional Conduct. *See* Ex. B. Setting aside the meritless nature of that allegation, third-party discovery is not a vehicle for trying to shore up allegations about the conduct of a non-party, especially not legal counsel for one of the litigants. Plaintiffs' attempt to use this litigation as a means to depose a corporate representative of Defendants' trial counsel, in an effort to bolster its outrageous and misguided allegations of misconduct, is not only inconsistent with the Federal Rules, but also an actionable abuse of process. Morgan Lewis reserves all rights in that regard. *See MacNeill v. Yates*, No. 609-CV-706-ORL-31DAB, 2009 WL 2449256, at *2 (M.D. Fla. Aug. 7, 2009) (under Florida law, a person who uses a subpoena for a purpose other than permissible evidence gathering has "committed the tort of abuse of process").

Moreover, as a general matter, discovery into how another party has conducted its discovery is not ordinarily permitted. Plaintiffs themselves raised such an argument in the Delaware Action and ***successfully*** convinced Judge Burke that he should not permit discovery into deficiencies in their document productions because "courts are generally reluctant to order discovery on discovery, so a party seeking such relief must make 'a threshold showing that significant, relevant, and non-cumulative information has been withheld or overlooked.'" ECF No. 306 in Related Delaware Action (citing *British Telecomms. PLC v. IAC/Interactivecorp*, Civil Action No. 18-366-WCB, 2020 WL 1043974, at *7 (D. Del. Mar. 4, 2020)). As set forth above, Plaintiffs are not seeking discovery on any relevant matter—certainly not a "significant" one—and cannot in good faith demand "discovery on discovery" from Defendants' trial counsel when they so adamantly refused to produce such discovery themselves. *Id.*

Furthermore, even if the sought-after testimony were relevant (which it is not), the

decision-making, actions undertaken, and specific documents identified by Morgan Lewis in the course of document review are plainly attorney work product, and as such afforded "almost absolute protection" from disclosure: "[A]n attorney's work product should be accorded 'almost absolute protection from discovery,' because of 'the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases.'" *Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416, 420–21 (D. Del. 2003) (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 94 (3d Cir.1992)). Attorney work product includes, among other things, the "[p]ersonal views of the attorneys as to how and when to present evidence [and their] evaluation of its relative importance." *Bishop ex rel. Adult Comprehensive Protective Servs., Inc. v. Polles*, 872 So. 2d 272, 274 (Fla. 2d DCA 2004); see also Fed. R. Civ. P. 26(b)(3) (a court must "protect against disclosure [] the mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation").

Here, Plaintiffs are seeking to compel a representative of Morgan Lewis to testify as to: how and when Morgan Lewis, as Defendants' trial counsel, identified a specific document in the course of document review (which will reflect the discovery issues Morgan Lewis is focusing on in its case preparation); "what was done" with that document after it was identified (reflecting Morgan Lewis' case preparation); and all similar documents that Morgan Lewis has identified through document review (which, in addition to reflecting the extent of Morgan Lewis' case preparation to date, will also indirectly reveal any similar documents that Morgan Lewis has *not* identified). *See* Ex. B. All this information reflects attorney work product, and so even if the information sought by the Deposition Subpoenas were relevant (which it is not), Morgan Lewis' motion to quash and for a protective order would still have to be granted. *Rocket Real Est.*, 2016 WL 11503947, at *1 (granting motion to quash and for protective order); *see also W. Peninsular*

*Title Co.*, 132 F.R.D. at 302–03; *Utopia Provider Sys.*, 2008 WL 11395484, at *6.

**C. In the Alternative, the Court Should Stay Enforcement of the Deposition Subpoenas Pending Resolution of the Discovery Dispute before Judge Burke**

As set forth above, there is a pending motion before Judge Burke in the Delaware Action, seeking a judicial determination that none of the documents at issue in the parties' discovery dispute are protected by privilege, and that Defendants were not under any procedural or ethical obligations to notify Plaintiffs of the existence of documents where privilege had been waived. *See generally supra*. If that motion is granted—as it should be—then the Deposition Subpoenas will be rendered moot because Plaintiffs' purported justification for inquiring into Morgan Lewis' handling of the documents will have been eliminated. Accordingly, judicial efficiency and the interest in preserving judicial resources favor staying enforcement of the Deposition Subpoenas pending resolution of that dispute.

**D. The Deposition of a "Records Custodian" Morgan Lewis Is Unnecessary**

As part of the parties' meet-and-confer process, Plaintiffs have agreed that they are "willing to work out a stipulation on authenticity regarding the non-privileged documents, instead of taking a records custodian deposition."[20] However, Plaintiffs have not formally withdrawn this request or stipulated that they will not continue to press for a "records custodian" deposition, and so—to preserve its rights—Morgan Lewis moves to quash that portion of the Deposition Subpoenas as well, and for a protective order to preclude Morgan Lewis from being obligated to produce a "records custodian" for deposition. "Discovery on discovery" is already disfavored, even where it does not involve taking the deposition of a party's trial counsel and, as set forth above, Plaintiffs successfully opposed "discovery on discovery" in the Delaware Action on this precise basis.[21]

---

[20] *See* Ex. C (Andrisani Decl.) ¶ 13.

[21] *See* ECF No. 306 in Delaware Action.

Therefore, in light of Morgan Lewis' commitment to provide a sworn affidavit of declaration-in-lieu-of-affidavit that moots the need for deposition testimony, Morgan Lewis' motion to quash and for a protective order should be granted.

## IV. CONCLUSION

For the reasons set forth above, the Deposition Subpoenas should be quashed, and a protective order should be entered in favor of Morgan Lewis. In the alternative, enforcement of the Deposition Subpoenas should be stayed pending resolution of the related discovery dispute in the Delaware Action, where a motion that has the potential to moot the Deposition Subpoenas is already pending.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Morgan Lewis conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, but has been unable to do so because Plaintiffs oppose the relief sought.

Dated: February 13, 2023

Respectfully submitted,
*/s/ Clay Carlton*

Clay Carlton
MORGAN, LEWIS & BOCKIUS, LLP
600 Brickell Avenue, Suite 1600
Miami, FL 33131
Tel: 1.305.415.3447
Fax: 1.305.415.3001
Email: clay.carlton@morganlewis.com

Nathan J. Andrisani (*pro hac vice forthcoming*)
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market St.
Philadelphia, PA 19103
Tel: 1.215.963.5362
Fax: 1.215.963.5001
Email: nathan.andrisani@morganlewis.com

*Counsel for Morgan, Lewis & Bockius LLP.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 13, 2023, I served the foregoing document and all attachments thereto via electronic mail and U.S. Mail on counsel of record for the parties in *ECB USA, Inc., et al. v. Savencia S.A., et al.*, No. 1:19-CV-00731 (D. Del.).

*/s/ Clay Carlton*
Clay Carlton